UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Matthew Paul Nickson, | § | |
|    Plaintiff | § § § | |
| v. | § § | Civil Action No. 4:22-cv-4397 |
| U.S. Department of State, | § § | |
|    Defendant | § | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant U.S. Department of State (the "State Department") moves to dismiss this case as moot. Since the filing of this lawsuit, the State Department has responded to Plaintiff's request under the Freedom of Information Act ("FOIA"), rendering this case moot.

## STANDARD OF REVIEW

A district court may dismiss a suit for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Calhoun v. F.B.I.*, 546 F. App'x 487, 489 (5th Cir. 2013). A district court's grant of dismissal for lack of subject matter jurisdiction is reviewed de novo. *Id*.

Alternatively, summary judgment is proper when, "viewing the evidence in the light most favorable to the non-movant, 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (quoting Fed. R. Civ. P. 56). Summary judgment is also reviewed de novo. *Id*.

1

**ARGUMENT**

Federal subject matter jurisdiction is limited to "cases" and "controversies." *Calhoun*, 546 F. App'x at 489 (citing U.S. Const. art. III, § 2, cl. 1.). A claim is moot when "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017), as revised (July 3, 2017) (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)). "Federal courts have no constitutional authority to resolve moot disputes." *Id*. "Mootness is a jurisdictional matter which can be raised for the first time on appeal." *Id*. (citations omitted).

The FOIA statute "requires exhaustion of administrative remedies prior to seeking judicial review." *Voinche*, 999 F.2d at 963 (citations omitted); *see also Calhoun*, 546 F. App'x at 490 ("Under the FOIA, a plaintiff must exhaust his administrative remedies prior to seeking judicial review of a federal agency's decision.") (citations omitted).

In *Voinche v. F.B.I.*, the Fifth Circuit affirmed dismissal of a FOIA suit where the agency responded after the suit was filed. The Fifth Circuit noted that "[a]lthough Voinche exhausted his administrative remedies pursuant to § 552(a)(6)(C) in order to challenge the tardiness of the FBI's response, he has not challenged the adequacy of the FBI's response administratively. Insofar as Voinche challenged the tardiness of the FBI's response, his claim was rendered moot by the FBI's response to his request." *Voinche*, 999 F.2d at 963 (affirming summary judgment); *see also Calhoun*, 546 F. App'x at 490 (affirming dismissal, concluding that "[e]ven assuming that, prior to filing his action, Calhoun had exhausted his administrative remedies regarding the FBI's lack of response to his FOIA requests, the district court correctly determined that Calhoun's action was rendered moot when the FBI produced responsive records"); *Velasquez v. Nielsen*, 754 F. App'x 256, 262 (5th Cir. 2018) ("The district court found that appellants' untimeliness claims were mooted by DHS's belated response in producing the requested information.").

Here, Plaintiff brought only a timeliness challenge to the State Department's response to his FOIA request. *See* Dkt. 1, Compl. at 10 ("Plaintiff seeks respectfully a Court Order that the Defendant provide records responsive to the Plaintiff's FOIA request, within a prompt and circumscribed amount of time."); *id*. at 11 (Plaintiff "respectfully prays that the Court Order that the Defendant, the U.S. Department of State, respond promptly to the Plaintiff's FOIA request"); *id*. at 8 (alleging "Defendant has not promptly made records available to the Plaintiff."). Since the commencement of this suit, the State Department has produced 584 pages of responsive records. *See* Dkt. 10-13 (Defendant's status reports reflecting productions in April and May 2023).

Even if Plaintiff's complaint had challenged the adequacy of the State Department's response, such claim would be dismissed for failure to exhaust administrative remedies. *Calhoun v. F.B.I.*, 546 F. App'x 487, 490 (5th Cir. 2013) ("Assuming arguendo that Calhoun is claiming that the FBI failed to produce all of the requested records, those claims have not been exhausted . . . . [I]f Calhoun wishes to contest the absence of such records, he must do so through the appropriate administrative appeals process."); *Springer v. United States*, No. 3:20-CV-3088-B (BH), 2021 WL 4859636, at *4 (N.D. Tex. Oct. 19, 2021), aff'd, No. 21-11248, 2022 WL 2208516 (5th Cir. June 21, 2022) ("Plaintiff made no adequacy challenge in his complaint. Even if he did, any adequacy challenge would be dismissed for failure to exhaust prior to filing suit."). Because Plaintiff's claim of untimeliness has been mooted by the State Department's response, or, alternatively, Plaintiff's claim as to the adequacy of the State Department's response has not been exhausted, Plaintiff's complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed.

Dated: June 4, 2024                                  Respectfully Submitted,

                                               ALAMDAR S. HAMDANI

                                               By: */s/ Myra Siddiqui*  
                                               Myra Siddiqui  
                                               Assistant United States Attorney  
                                               Southern District No. 3257790  
                                               Texas Bar No. 24106434  
                                               1000 Louisiana, Suite 2300  
                                               Houston, TX 77002  
                                               Tel: (713) 567-9600  
                                               Fax: (713) 718-3303  
                                               E-mail: myra.siddiqui@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I hereby certify that on June 3-4, 2024, I conferred via email with counsel for Plaintiff regarding the foregoing motion. Plaintiff is opposed.

>  /s/ Myra Siddiqui
>  Myra Siddiqui
>  Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2024, a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF system.

>  /s/ Myra Siddiqui
>  Myra Siddiqui
>  Assistant United States Attorney